## APPEAL IN THE MATTER OF A TOWNSHIP DITCH.

Court of Appeals for Licking County.

### C. S. Davidson v. Allen Frost et al.

Decided, March Term, 1916.

*Ditches—Time for Perfecting an Appeal—Where Claims for Damages Have Been Rejected—Runs from the Date of the Order of Location —Section 6648.*

An appeal from the order of a joint board of township trustees, rejecting claims on account of land taken and other damages on account of the construction of a proposed township ditch, should be filed within eight days from the entering of the order locating and establishing said ditch, and is rendered ineffective by construing the time for perfecting said appeal to be within eight days from the date of the order apportioning the construction among the parties interested.

*L. C. Stillwell* and *J. R. Clutter,* for plaintiffs in error.
*Martin & Martin, J. W. Horner,* Prosecuting Attorney, and *Fitzgibbons, Montgomery & Black,* contra.

Powell, J.

The question presented by the record in this case is whether or not an appeal was properly perfected to the action of the defendants, constituting the joint board of trustees for Hilliar township, Knox county, and Hartford township, Licking county, in the location and construction of a township ditch.

The record discloses that the said defendants, acting as such joint board, entered an order for the construction of the joint township ditch for said townships on the 17th day of April, 1915; that after such order was entered an adjournment was had until the 24th day of April, 1915, on which date a hearing was had upon claims for compensation for property taken and damages which would be sustained by the construction of said ditch; that at said meeting of April 24th, the claims of the plaintiffs in error for compensation and damages were rejected and disal-

lowed. That afterwards, on the 17th day of June, 1915, at a meeting of said joint board, such ditch so ordered was apportioned among the several parties liable for the construction thereof by said board; and that afterwards, within eight days, plaintiffs attempted to appeal from the order of the joint board of trustees by giving written notice and filing a bond, as provided by the statute.

The question presented is whether or not such appeal was perfected at the time and in the manner prescribed by law.

It is contended on the part of the defendants in error that such appeal was not perfected within the time required by law, viz., within eight days after the decision of the trustees, as provided by Sections 6625 and 6648 of the General Code. The last named section applies to joint township ditches, such as the one under consideration in this case, and provides that such appeals "shall be taken to the probate court of the county in a like manner as heretofore provided in this chapter," the provision referred to being found in Section 5625. It is provided by this section that a person interested in the location of such ditch, or in the amount of compensation and damages determined upon by the trustees, may take an appeal to the probate court of the county "by giving written notice thereof to the clerk of the township within eight days after the decision of the trustees, and by filing with the clerk a bond with two or more sufficient sureties conditioned for the payment of all costs made upon the appeal if the decision of the trustees is sustained in the probate court."

It is not contended here by the defendants in error that such notice was not given or bond filed, but it is claimed that they were not given and filed within eight days after the decision of the trustees. It is admitted that such notice was given and bond filed within eight days after the order of June 17, 1915, apportioning the construction of said ditch among the parties interested.

Was the giving of the notice and the filing of the bond at this date sufficient? We think not. By analogy to the provisions of the statute relative to appeal from the proceedings of county

commissioners, in reference to county ditches, we think such notice should have been given and bond filed within eight days after the order for the location of such ditch and the order refusing compensation and damages had been made.

The Supreme Court has passed upon the statutes relating to appeals in county ditch proceedings in the case of *Atley* v. *Commissioners of Clinton County,* 77 Ohio State, 285. It is there held that the order or judgment of the commissioners contemplated by the last clause of Section 4461, from which an appeal may be taken by an aggrieved party, is the order or judgment finally determining that the proposed ditch is necessary and will be conducive to the public health, convenience or welfare, and that it is the best route, and also determining claims for damages, if any are made.

That is, in such cases, the appeal must be taken within the time limited after the order or decision to be appealed from has been made by the commissioners.

The statutes relating to appeal from the proceedings of county commissioners are *in pari materia* with the statutes governing appeals from township trustees. The limitation in cases of ditch proceedings of township trustees is eight days from the entering of such order; and as there are only two orders from which an appeal is allowed in township ditch matters, such notice and bond should be given within eight days from the entering of the last order; in this case, the order relative to compensation and damages.

Under this construction, such appeal should have been taken within eight days after April 24, 1915. This was not done, and the appeal was properly dismissed on motion of the township trustees; and the court of common pleas did not err in sustaining the action of the probate court in dismissing said appeal.

The judgment of the court of common pleas will be affirmed. Exceptions may be noted.

SHIELDS, J., and HOUCK, J., concur.